IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jennifer Wood, ) | C/A No. 0:13-2124-DCN-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC. The plaintiff, Jennifer Wood, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be remanded for further consideration as explained below.

### SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also

Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform her past relevant work; and

(5) whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[1]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 404.1520(h).



## ADMINISTRATIVE PROCEEDINGS

In January 2008, Wood applied for DIB, alleging disability beginning November 28, 2007. Wood's application was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on June 18, 2009, at which Wood, who was represented by Johnnie D. Fulton, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on October 9, 2009 finding that Wood was not disabled. (Tr. 208-16.) On February 17, 2011, the Appeals Council remanded the matter to the ALJ for further evaluation of the medical opinion evidence, vocational evidence, and Wood's obesity. (Tr. 218-20.) A second hearing was held on October 6, 2011, at which Wood appeared and testified and was represented by Mark Dunning, Esquire. After hearing testimony from a vocational expert, the ALJ issued a second decision on March 16, 2012 finding that Wood was not disabled. (Tr. 86-108.)

Wood was twenty-nine years old on her alleged disability onset date. (Tr. 166.) She has a high school education and past relevant work experience as a medicine technician at an assisted living facility, a cashier, and a sales person. (Tr. 346.) Wood alleged disability since November 28, 2007 due to peripheral neuropathy. (Tr. 385.)

In applying the five-step sequential process, the ALJ found that Wood had not engaged in substantial gainful activity since her alleged onset date. The ALJ also determined that Wood's bipolar disorder, anxiety disorder, obesity, right knee joint impairment (chrondomalcia), carpal tunnel syndrome, and back disorder were severe impairments. However, the ALJ found that Wood did not have an impairment or combination of impairments that met or medically equaled the

severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings").

The ALJ further found that Wood retained the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b). To wit, she can lift or carry up to twenty pounds on an occasional basis and up to ten pounds on a frequent basis. She can stand, walk, and sit for up to six hours during any given eight hour work period. She has no limitations in her ability to push or pull with the lower and upper extremities.
>
> However, I note that claimant is further limited with respect to nonexertional activity. To wit, she is restricted to frequent kneeling, crouching, crawling, fingering, balancing, stooping, and climbing of ramps and stairs. She can never be exposed to occupational hazards such as unprotected heights or moving machinery. She can never climb ladders, ropes, or scaffolds.
>
> Moreover, as a result of claimant's severe mental impairments, I find that she is restricted to simple, 1-2 step tasks. She requires a "low stress" work environment, defined as work involving no public contact.

(Tr. 92.) The ALJ found that Wood was unable to perform any past relevant work, but that there were jobs that existed in significant numbers in the national economy that Wood could perform. Therefore, the ALJ found that Wood was not disabled from November 28, 2007 through the date of his decision.

Wood submitted additional evidence to the Appeals Council, which denied her request for review on June 7, 2013 making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829



F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Wood raises the following issues for this judicial review:

Issue I.     Residual Functional Capacity. The RFC assessment must be a reasoned assessment of all of the relevant evidence. The ALJ here failed to properly evaluate all of Wood's impairments. Is a decision based upon an incomplete and inaccurate assessment of a claimant's RFC supported by substantial evidence?

Issue II.    Opinion evidence. The ALJ rejected the opinions of all the treating physicians in favor of opinions from the non-examining state agency physicians. Where the ALJ improperly evaluates the opinion evidence, has a legal error been committed that is not harmless?

(Pl.'s Br., ECF No. 10.)

## DISCUSSION

Wood's argument that the ALJ's residual functional capacity assessment is unsupported by substantial evidence is essentially comprised of two allegations of error. Specifically, Wood argues that the ALJ erred in failing to evaluate to the effect of her obesity and her diabetic neuropathy in



formulating her residual functional capacity, rendering the ALJ's finding that Wood could stand and walk for six hours in an eight-hour workday unsupported.

Upon review of the record and the parties' briefs, the court is constrained to recommend that this matter be remanded to the Commissioner for further consideration of Wood's neuropathy. In evaluating Wood's impairments, the ALJ found that Wood's "diabetes with associated neuropathy" was a non-severe impairment. The ALJ stated that Wood testified that "this impairment caused no limitation or problem with regard to her ability to engage in work or work related activity." (Tr. 90.) However, while Wood testified that her diabetes did not cause her any limitations, Wood identified neuropathy as her "most severe impairment." (Tr. 146-47.) Further, Wood testified that she was falling a lot because of her neuropathy. (Tr. 131.) Wood also compared her neuropathy to having "your feet and legs fall asleep" all the time and explained that it tingles and causes pain. Wood stated that this affects her ability to walk. (Tr. 132-33.) Although the ALJ considered many of Wood's self-reported limitations and rejected some as not credible, he did not do so with regard to Wood's neuropathy. Rather, he incorrectly stated that she testified that she had no limitations from it. In light of the ALJ's misstatement of fact concerning Wood's testimony regarding her neuropathy, the court cannot agree with the Commissioner's argument that the ALJ clearly accounted for Wood's neuropathy in the residual functional capacity. Nor can the court agree that this error is harmless, considering the importance of his finding that Wood could stand and walk for six hours a day to his residual functional capacity assessment.

Therefore, the court cannot say that the ALJ's residual functional capacity assessment that found that Wood was capable of light work that included standing and walking for six hours in an eight-hour day is supported by substantial evidence. Accordingly, this matter should be remanded



for further consideration of Wood's neuropathy and a continuation of the sequential process, if necessary.[2]

Furthermore, in light of the court's recommendation that this matter be remanded for further consideration, the court need not address Wood's remaining arguments, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, Wood may present her remaining arguments on remand.

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 6, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] The court expresses no opinion as to whether further consideration of Wood's neuropathy by the ALJ should result in additional limitations to Wood's residual functional capacity. Further analysis and discussion may well not affect the ALJ's conclusion on this point. However, as the opinion is currently written, the court cannot find that it is supported by substantial evidence.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).